PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: <u>Glenard Stanley Richardson</u>     Case Number: <u>3:07-00038-01</u>

Name of Judicial Officer: <u>Honorable Robert L. Echols, U.S. District Judge</u>

Name of Current Judicial Officer: <u>Honorable Kevin H. Sharp, U.S. District Judge</u>

Date of Original Sentence: <u>January 9, 2009</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm and 21 U.S.C. § 841(a)(1) Possession with Intent to Distribute a Detectable Amount of Marijuana</u>

Original Sentence: <u>77 months' custody and three years' supervised release</u>

Type of Supervision: <u>Supervised release</u>     Date Supervision Commenced: <u>October 26, 2012</u>

Assistant U.S. Attorney: <u>Philip Wehby</u>     Defense Attorney: <u>R. David Baker</u>

---

### PETITIONING THE COURT

<u>  X  </u>   To issue a Summons.
<u>     </u>   To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this _18_ day of _February_, 2014,
and made a part of the records in the above case.

_____
Kevin H. Sharp
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Amanda M. Russell
U.S. Probation Officer

Place        Nashville, TN

Date         February 13, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
| --- | --- |

**1.** **The defendant shall not commit another federal, state, or local crime.**
On November 1, 2013, Mr. Richardson was issued a citation for Unlawful Use of Drug Paraphernalia (a Class A Misdemeanor), in Davidson County, Tennessee. The citation is attached for Your Honor's review.

The probation officer met with Mr. Richardson on November 3, 2013. He reported being pulled over for having a tinted cover over his license plate. Mr. Richardson reported he initially refused a search of his vehicle, but when he was told that a K-9 officer would be arriving at the location, he granted consent. In Mr. Richardson's vehicle, a set of digital scales with marijuana residue was located on the rear of the passenger seat. Mr. Richardson reported he has not always owned the vehicle, but claimed ownership of the scales, since the device was found in his vehicle. Since Mr. Richardson did not have any outstanding warrants and no failure to appears in the past five years, he qualified for a state citation. Mr. Richardson appeared in Davidson County General Sessions Court on February 3, 2014, and his case was dismissed upon payment of costs.

**2.** **The defendant shall not commit another federal, state, or local crime.**
On January 20, 2014, Mr. Richardson was issued a citation for Possession or Casual Exchange - Controlled Substance and Unlawful Use of Drug Parapheralia (both Class A Misdemeanors), in Davidson County, Tennessee. The citations are attached for Your Honor's review.

The probation officer met with Mr. Richardson on January 24, 2014. He reported loaning his vehicle to a friend, on January 16, 2014. After the friend returned the vehicle on January 18, 2014, Mr. Richardson was pulled over for a traffic violation two days later. When the officer approached the vehicle, Mr. Richardson reported the officer observed a green leafy substance consistent with the look and texture of marijuana. When the officer remarked that he could see marijuana in the vehicle, Mr. Richardson reported he told the officer that a friend of his had borrowed his vehicle and must have smoked marijuana inside it. When he was asked if there was anything else in the vehicle, Mr. Richardson told the officer about a set of scales, but it was used for diabetic medication. When the officer located the scales, a green leafy substance consistent with the look and smell of marijuana was observed. Mr. Richardson denied ownership of the marijuana and contends it must have been left behind from the friend he loaned his vehicle to. Mr. Richardson is to appear to be booked for the citations on February 18, 2014.

**Compliance with Supervision Conditions and Prior Interventions:**
Glenard Stanley Richardson is employed and lives with his girlfriend and her children in Antioch, Tennessee. Mr. Richardson began his term of supervised release on October 26, 2012, and his supervision is due to terminate October 25, 2015.

A report was submitted to the Court on November 18, 2013, regarding Mr. Richardson's citation for Unlawful Use of Drug Paraphernalia. The Court ordered no action at that time. Mr. Richardson was given a verbal reprimand and re-instructed to not commit another federal, state, or local crime and his drug testing was increased. It should be noted that Mr. Richardson completed eight months of outpatient substance abuse

Petition for Warrant or Summons for  Page 3
Offender Under Supervision

treatment at Centerstone Mental Health on September 23, 2013.

Following his most recent citations, Mr. Richardson was, again, given a verbal reprimand and re-instructed to not commit another federal, state, or local crime. The probation officer strongly cautioned Mr. Richardson as to his associations and to be more mindful of who he allows to drive and/or be in his vehicle.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a summons be issued for Mr. Glenard Stanley Richardson, so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to Assistant U.S. Attorney Philip Wehby, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. GLENARD STANLEY RICHARDSON, CASE NO. 3:07-00038-01

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony)<br>*18 U.S.C. § 3583(e)(3)* | 6-12 months<br>*U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 36 months less any term of imprisonment<br>*18 U.S.C. § 3583(h)* | 1-3 years<br>*U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

_____
Amanda M. Russell
U.S. Probation Officer


Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# MISDEMEANOR CITATION
## STATE OF TENNESSEE - COUNTY OF DAVIDSON
### In The Metropolitan General Sessions Court

ver 2.9

☐ CONTINUED ON M.P.D. FORM #100D

**SCE123764**

M.P.D. COMPLAINT NO.
2013-1016682

I, THE UNDERSIGNED, HAVE PROBABLE CAUSE THAT THE FOLLOWING NAMED DEFENDANT DID UNLAWFULLY COMMIT THE FOLLOWING OFFENSE IN VIOLATION OF THE APPROPRIATE LAWS CITED.

AGENCY'S CASE/COMP. NO. OF REPORTING AGENCY

**ARRESTEE INFORMATION**

REPORTING AGENCY: METROPOLITAN NASHVILLE POLICE DEPARTMENT

ARRESTEE'S NAME (LAST, FIRST, MIDDLE, SUFFIX): RICHARDSON, GLENARD STANLEY  ☐ MNI
ALIAS: ☒ None ☐ SEE ATTACHED

MARITAL STATUS: SINGLE
ARREST NO: 130083643
ACTIVE ☐

DOB: [redacted]/1978  AGE: 38

Address: 567 DOVER GLEN DR   CITY: ANTIOCH   STATE: TN   ZIP: 37013

PLACE OF EMPLOYMENT / SCHOOL NAME: ☒ NONE

SOCIAL SECURITY NUMBER: 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  ☐ UNK
DRIVER LICENSE NO.: 078171901  ☐ NONE  ☒ VISUALLY CHECKED
STATE: TN
STATUS: Valid

LOCATION OF ARREST: 12TH AVE S   CROSS STREET: SUMMIT AVE   CITY: NASHVILLE   STATE: TN   ZIP: 37203  V

**VEHICLE** ☐ MVT  ☐ NA
LIC NO: F5662B  STATE: TN  YEAR: 2014  YEAR: 1999  MAKE: PONTIAC  MODEL: GRAND PA  STYLE: 4 DOORS  COLOR: GOLD

WEAPON/TOOL (ENTER UP TO 3):  ☐ UNK  ☒ NONE

| WARRANT NUMBER | CHARGE | ☐ SORT BY TCA CODE | TCA CODE | NCIC CODE | TYPE | CLASS |
|---|---|---|---|---|---|---|
|  | DRUG PARAPHERNALIA- UNLAWFUL USE (39-17-425 |  | 39-17-425(a) | 3551 | M | A |

**NARRATIVE**

THE DEFENDANT ABOVE WAS THE DRIVER OF A VEHICLE THAT WAS STOPPED BY OFFICERS FOR HAVING A TINTED COVER OVER THE LICENSE PLATE. DURING THE STOP OFFICERS ASKED FOR CONSENT TO SEARCH THE VEHICLE AND CONSENT WAS ORIGINALLY DENIED. OFFICERS THEN REQUESTED K-9 TO THE SCENE. WHEN K-9 ARRIVED ON SCENE THE DEFENDANT THEN GRANTED CONSENT TO SEARCH THE VEHICLE. DURING THE SEARCH OFFICERS LOCATED A SET OF DIGITAL SCALES FROM THE POCKET ON THE REAR OF THE PASSENGER SIDE SEAT. THE SCALES DID HAVE MARIJUANA RESIDUE ON THEM. THE DEFENDANT CLAIMED OWNERSHIP OF THE SCALES STATING THEY WERE HIS. THE DEFENDANT HAS NO OUTSTANDING WARRANTS AND NO FTA'S/FTB'S IN THE PAST FIVE YEARS AND QUALIFIES FOR A STATE CITATION.

PROSECUTOR'S SIGNATURE: /PL/

ARRESTING OFFICER: /S/DANIEL BROWN
EMP NO: 807329
AGENCY ORI: TN0190100

APPROVING SUPERVISOR:

BOOKING CLERK:

# MISDEMEANOR CITATION
## STATE OF TENNESSEE - COUNTY OF DAVIDSON
### In The Metropolitan General Sessions Court

ver 3.0

☐ CONTINUED ON M.P.D. FORM #100D  **SCE132452**

I, THE UNDERSIGNED, HAVE PROBABLE CAUSE THAT THE FOLLOWING NAMED DEFENDANT DID UNLAWFULLY COMMIT THE FOLLOWING OFFENSE IN VIOLATION OF THE APPROPRIATE LAWS CITED.

M.P.D. COMPLAINT NO.: 2014-0071026

**ARRESTEE INFORMATION**

| REPORTING AGENCY | AGENCY'S CASE-COMP. NO. OF REPORTING AGENCY |
|---|---|
| METROPOLITAN NASHVILLE POLICE DEPARTMENT | |

| ARRESTEE'S NAME (LAST, FIRST, MIDDLE, SUFFIX) | ☐ MNI | ALIAS ☐ None ☐ SEE ATTACHED |
|---|---|---|
| RICHARDSON  GLENARD  STANLEY | | TYRONE DOCKERY |

| PLACE OF BIRTH | | MARITAL STATUS | ARREST NO. | ACTIVE ☐ |
|---|---|---|---|---|
| NASHVILLE | TN | SINGLE | 140005416 | |

| SEX | RACE | ETHNICITY | HEIGHT | WEIGHT | EYES | HAIR | DOB | AGE |
|---|---|---|---|---|---|---|---|---|
| MALE | BLACK OR AFRICAN AI | NON HISPANIC OR L/ | 5' 9" | 210 | BROWN | BROWN | 11/10/1976 | 37 |

| SUSPECTED OF USING ☐ N/A | | TELEPHONE ☐ NONE | COUNTY RESIDENT? | DATE/TIME OF ARREST | DAY OF WEEK |
|---|---|---|---|---|---|
| ALCOHOL No  DRUG Yes | COMPUTER No | (615) 833-4449 | Yes | 01/20/2014 20:06 | Monday |

| RESIDENCE ADDRESS | CROSS STREET | APT/STE | CITY | STATE | ZIP ☒ V |
|---|---|---|---|---|---|
| 567 DOVER GLEN DR | | | ANTIOCH | TN | 37013 |

| PLACE OF EMPLOYMENT / SCHOOL NAME | ☒ NONE |
|---|---|

| EMPLOYMENT ADDRESS | CROSS STREET | APT/STE | CITY | STATE | ZIP |
|---|---|---|---|---|---|

| SOCIAL SECURITY NUMBER ☐ UNK. | DRIVER LICENSE NO. ☐ NONE ☒ VISUALLY CHECKED | STATE | STATUS |
|---|---|---|---|
| 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 | 078171901 | TN | Valid |

| LOCATION OF ARREST | CROSS STREET | APT/STE | CITY | STATE | ZIP ☒ V |
|---|---|---|---|---|---|
| 3RD AVE S | CHESTNUT ST | | NASHVILLE | TN | 37210 |

| VEHICLE ☐ MNI ☐ N/A | LIC. NO. | STATE | YEAR | YEAR | MAKE | MODEL | STYLE | COLOR |
|---|---|---|---|---|---|---|---|---|
| | F5662B | TN | 2014 | 1999 | PONTIAC ( | GRAND P/ | 4 DOORS | GOLD |

| WEAPON/TOOL (ENTER UP TO 3) ☐ UNK ☒ NONE | WEAPON 1 | WEAPON 2 | WEAPON 3 |
|---|---|---|---|

| WARRANT NUMBER | CHARGE ☐ SORT BY TCA CODE | TCA CODE | NCIC CODE | TYPE | CLASS |
|---|---|---|---|---|---|
| | POSS. OR CASUAL EXCHANGE-CONT.SUB. (39-17-4' | 39-17-418 | 3390 | M | A |

**NARRATIVE**

I OBSERVED THE LISTED GOLD PONTIAC GRAND PRIX TRAVELING NORTH EAST ON CHESTNUT STREET WITH VISIBLE WHITE LIGHT COMING FROM THE REAR OF THE VEHICLE FROM A BROKEN TAIL LIGHT. I STOPPED THE VEHICLE ON CHESTNUT STREET AT 3RD AVENUE SOUTH. THE DRIVER, GLENARD RICHARDSON (DEFENDANT), ROLLED THE REAR WINDOW DOWN BECAUSE THE DRIVER'S WINDOW WAS NOT FUNCTIONING. WHEN I WAS PEAKING TO RICHARDSON, I COULD SEE A GREEN LEAFY SUBSTANCE CONSISTENT WITH THE LOOK AND TEXTURE OF MARIJUANA. WHEN I TOLD RICHARDSON THAT I COULD SEE MARIJUANA IN HIS VEHICLE, RICHARDSON STATED THAT A FRIEND OF HIS HAD SMOKED MARIJUANA INSIDE THE CAR. WHEN ASKED IF THERE WAS ANYTHING ELSE OF CONCERN INSIDE THE CAR, RICHARDSON STATED THAT HE HAS SOME SCALES IN THE CAR THAT HE USES FOR DIABETIC MEDICATION. WHEN I OPEN THE SCALE, I FOUND A GREEN LEAFY SUBSTANCE CONSISTENT WITH THE LOOK AND SMELL OF MARIJUANA. RICHARDSON HAS NO OUTSTANDING WARRANTS, AND NO FTBS OR FTAS IN THE PAST FIVE YEARS.

| PROSECUTOR'S SIGNATURE | | | |
|---|---|---|---|
| | | EMP NO. | AGENCY ORI |
| ARRESTING OFFICER /S/DAVID WILLOVER | | 909502 | TN0190100 |
| APPROVING SUPERVISOR | | | |
| BOOKING CLERK | | | |

# MISDEMEANOR CITATION
## STATE OF TENNESSEE - COUNTY OF DAVIDSON
### In The Metropolitan General Sessions Court

ver 3.0

CONTINUED ON M.P.D. FORM #100D ☐ **SCE132455**

M.P.D. COMPLAINT NO. 2014-0071026

I, THE UNDERSIGNED, HAVE PROBABLE CAUSE THAT THE FOLLOWING NAMED DEFENDANT DID UNLAWFULLY COMMIT THE FOLLOWING OFFENSE IN VIOLATION OF THE APPROPRIATE LAWS CITED.

**ARRESTEE INFORMATION**

| REPORTING AGENCY | AGENCY'S CASE/COMP. NO. OF REPORTING AGENCY |
|---|---|
| METROPOLITAN NASHVILLE POLICE DEPARTMENT | |

| ARRESTEE'S NAME (LAST, FIRST, MIDDLE, SUFFIX) | MNI ☐ | ALIAS ☐ None ☐ SEE ATTACHED |
|---|---|---|
| RICHARDSON GLENARD STANLEY | | TYRONE DOCKERY |

| PLACE OF BIRTH | | MARITAL STATUS | ARREST NO. | ACTIVE ☐ |
|---|---|---|---|---|
| NASHVILLE | TN | SINGLE | 140005416 | |

| SEX | RACE | ETHNICITY | HEIGHT | WEIGHT | EYES | HAIR | DOB | AGE |
|---|---|---|---|---|---|---|---|---|
| MALE | BLACK OR AFRICAN A | NON HISPANIC OR L | 5'9" | 210 | BROWN | BROWN | 11/10/1976 | 37 |

| SUSPECTED OF USING ☐ N/A | TELEPHONE ☐ NONE | COUNTY RESIDENT? | DATE/TIME OF ARREST | DAY OF WEEK |
|---|---|---|---|---|
| ALCOHOL No  DRUG Yes  COMPUTER No | (615) 833-4449 | Yes | 01/20/2014 20:21 | Monday |

| RESIDENCE ADDRESS | CROSS STREET | APT/STE | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| 567 DOVER GLEN DR | | | ANTIOCH | TN | 37013 |

| PLACE OF EMPLOYMENT / SCHOOL NAME | ☒ NONE |
|---|---|

| EMPLOYMENT ADDRESS | CROSS STREET | APT/STE | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| | | | | | |

| SOCIAL SECURITY NUMBER ☐ UNK. | DRIVER LICENSE NO. ☐ NONE ☒ VISUALLY CHECKED | STATE | STATUS |
|---|---|---|---|
| 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 | 078171901 | TN | Valid |

| LOCATION OF ARREST | CROSS STREET | APT/STE | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| 3RD AVE S | CHESTNUT ST | | NASHVILLE | TN | 37210 |

| VEHICLE ☐ MVI ☐ N/A | LIC. NO. | STATE | YEAR | YEAR | MAKE | MODEL | STYLE | COLOR |
|---|---|---|---|---|---|---|---|---|
| | F5662B | TN | 2014 | 1999 | PONTIAC ( | GRAND P/ | 4 DOORS | GOLD |

| WEAPON/TOOL (ENTER UP TO 3) ☐ UNK ☒ NONE | WEAPON 1 | WEAPON 2 | WEAPON 3 |
|---|---|---|---|
| | | | |

| WARRANT NUMBER | CHARGE ☐ SORT BY TCA CODE | TCA CODE | NCIC CODE | TYPE | CLASS |
|---|---|---|---|---|---|
| | DRUG PARAPHERNALIA- UNLAWFUL USE (39-17-42! | 39-17-425(a) | 3551 | M | A |

**NARRATIVE**

I OBSERVED THE LISTED GOLD PONTIAC GRAND PRIX TRAVELING NORTH EAST ON CHESTNUT STREET WITH VISIBLE WHITE LIGHT COMING FROM THE REAR OF THE VEHICLE FROM A BROKEN TAIL LIGHT. I STOPPED THE VEHICLE ON CHESTNUT STREET AT 3RD AVENUE SOUTH. THE DRIVER, GLENARD RICHARDSON (DEFENDANT), ROLLED THE REAR WINDOW DOWN BECAUSE THE DRIVER'S WINDOW WAS NOT FUNCTIONING. WHEN I WAS PEAKING TO RICHARDSON, I COULD SEE A GREEN LEAFY SUBSTANCE CONSISTENT WITH THE LOOK AND TEXTURE OF MARIJUANA. WHEN I TOLD RICHARDSON THAT I COULD SEE MARIJUANA IN HIS VEHICLE, RICHARDSON STATED THAT A FRIEND OF HIS HAD SMOKED MARIJUANA INSIDE THE CAR. WHEN ASKED IF THERE WAS ANYTHING ELSE OF CONCERN INSIDE THE CAR, RICHARDSON STATED THAT HE HAS SOME SCALES IN THE CAR THAT HE USES FOR DIABETIC MEDICATION. WHEN I OPEN THE SCALE, I FOUND A GREEN LEAFY SUBSTANCE CONSISTENT WITH THE LOOK AND SMELL OF MARIJUANA. RICHARDSON HAS NO OUTSTANDING WARRANTS, AND NO FTBS OR FTAS IN THE PAST FIVE YEARS.

| PROSECUTOR'S SIGNATURE | | |
|---|---|---|
| | EMP NO. | AGENCY ORI |
| ARRESTING OFFICER  /S/DAVID WILLOVER | 909502 | TN0190100 |
| APPROVING SUPERVISOR | | |
| BOOKING CLERK | | |

| | | |
|---|---|---|
| LF021 REV 05/01 | | |

# VIOLATION WORKSHEET

1. **Defendant** Glenard Stanley Richardson

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:07CR00038 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 1 / 9 / 2009
                                    *month   day   year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall not commit another federal, state, or local crime. | C |
| Shall not commit another federal, state, or local crime. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*      C

9. **Criminal History Category** *(see §7B1.4(a))*      IV

10. **Range of Imprisonment** *(see §7B1.4(a))*      6 - 12 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Glenard Stanley Richardson

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____     Community Confinement _____

    Fine($) _____     Home Detention _____

    Other _____     Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002